IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Barbara LeeAnn Lee, | ) | C/A No. 0:09-962-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Industrial Piping, Inc.; Michael Amos; and | ) | |
| Douglas Amos, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of the plaintiff, Barbara LeeAnn Lee ("Lee"), to voluntarily dismiss this action with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Docket Entry 52.) The defendants oppose voluntarily dismissal to the extent that it would preclude them from seeking attorneys' fees and costs in this action in light of the plaintiff's delay in seeking dismissal of her case until after the discovery period—during which the plaintiff failed to respond to the defendants' discovery requests—and the filing of summary judgment motions. (Defs.' Mem. in Opp'n Mot. to Dismiss, Docket Entries 53 & 54.)

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss her action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

An award of the taxable costs of the litigation is a common condition imposed by courts for a voluntary dismissal under Rule 41(a)(2).  See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987).  Where the plaintiff seeks voluntarily dismissal with prejudice, however, *attorneys' fees* are generally not awarded.  Vanguard Environmental, Inc. v. Kerin, 528 F.3d 756, 760 (10th Cir. 2008) (holding that when a plaintiff voluntarily dismisses with prejudice, the court may award attorneys' fees only in "exceptional circumstances"); Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006) (holding that if a dismissal is with prejudice, attorney fees may be imposed under Rule 41(a)(2) only in exceptional circumstances, such as repeat filings and dismissals); AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997) (holding that when an action is voluntarily dismissed with prejudice, attorneys' fees are not usually a proper condition of dismissal because the defendant cannot be made to defend against the claim again in the future); Cauley v. Wilson, 754 F.2d 769 (7th Cir. 1985) ("[Attorney] fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because 'the defendant cannot be made to defend again.' ") (emphasis in original) (quoting Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965)); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2366 at 537-40 (3d ed. 2008).  Here, it appears that the defendants are not requesting that dismissal be *conditioned* on payment of costs and attorneys' fees, but rather seek to ensure that the plaintiff's dismissal of her case does not preclude the defendants from seeking

*PJG*

them.[1]  (See, e.g., Defs.' Mem. in Opp'n Mot. to Dismiss, Docket Entry 53 at 1 & Docket Entry 54 at 2.)

### RECOMMENDATION

Based on the foregoing, the court recommends, in light of the defendants' effort and expense during the discovery process and the preparation of summary judgment motions and the plaintiff's failure to cooperate in discovery and repeated failure to comply with deadlines in this case, that voluntary dismissal of this action should be permitted with the express preservation of any rights the defendants may otherwise have to seek costs and attorneys' fees incurred in connection with this matter.  See, e.g., Colombrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir. 1985) (holding that when an action is voluntarily dismissed with prejudice, attorneys' fees should be awarded only when there is independent statutory authority for the award).  In light of this recommendation, all other pending motions should be terminated.  (Docket Entries 46, 47, & 48.)

                                               _____
                                               Paige J. Gossett
                                               UNITED STATES MAGISTRATE JUDGE

August 6, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] While Defendants Industrial Piping, Inc. and Michael Amos request that their pending summary judgment motion be granted, the court finds that the summary judgment motion need not be addressed to preserve any rights the defendants may have to seek costs and fees.  See Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1991) ("A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete adjudication on the merits of the dismissed claim.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).